### O'NEIL *v.* BATTIE.

*(Supreme Court, General Term, Third Department.* September 25, 1891.)

SCHOOLS—OFFICER DE FACTO—CONTRACTS.

At a regularly called annual school meeting, one M. was declared elected trustee, and as such entered into a written contract with plaintiff to teach the school. On appeal by defendant, the state superintendent set aside the election of M. on the ground that the proceedings were unfair, and ordered a new election. Defendant, having been elected trustee at the new election, refused to permit plaintiff to continue under her contract. *Held,* that M. was trustee *de facto,* and his contract with plaintiff was binding, and an action would lie for the services performed thereunder and for damages for the breach.

Appeal from special term, Washington county.

Action by Minnie O'Neil, by her father as guardian *ad litem,* against Fred. C. Battie, as trustee of school-district No. 2, town of Easton, Washington county, to recover for services performed under and for breach of the following contract:

"MEMORANDUM OF HIRING REQUIRED BY CHAPTER 335, LAWS OF 1887.

"This is to certify that I have this day engaged Minnie O'Neil (a duly-licensed teacher) to teach the public school of district No. 2, town of Easton, county of Washington, for the term of twenty-five weeks, commencing August 19, 1889, at a weekly compensation of eight dollars, payable monthly.

"MICHAEL MORAN, Trustee.

"*Dated August* 19, 1889."

The defense was that Moran was not a trustee of the district, and had no authority to hire plaintiff. It appeared from the minutes of the annual school meeting regularly called and held August 6, 1889, that the meeting

was called to order by the clerk and the then trustee, and that Moran was duly made chairman, and a motion was made and seconded that Moran be trustee for the ensuing year, which was put by him, and announced by him as carried. It also appeared in evidence that Battie appealed to the state superintendent to set aside such election, and it was set aside for alleged unfairness in the rulings at the meeting, and a new election was held, and Battie was duly elected trustee. He thereupon refused to allow plaintiff to continue to teach the school, whereupon she brought this action to recover for services rendered under the contract, and for damages for its breach by defendant. The court directed a verdict for plaintiff. Defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Edgar Hull*, for appellant.   *Gibson & Van Kirk*, for respondent.

PER CURIAM. We are satisfied that Moran was trustee *de facto*. This is shown by the record of the meeting, by the appeal taken by the present defendant for the purpose of setting aside Moran's election, and by the decision of the superintendent ordering a new election. As such, his written contract with the plaintiff was binding. That writing, accepted by her, constituted the contract, whatever prior verbal agreement there may have been. It is hardly possible in any case that a written contract should be made, unless the parties have previously arranged the matter verbally. The writing supersedes all the verbal arrangements. The plaintiff performed her part of the contract so far as she was permitted. She was therefore entitled to recover for what she had performed, and damages for what she lost by being prevented from performing. The complaint contained only one count, but no objection was taken to this form of pleading. The plaintiff's inability to obtain other work after she was discharged by the defendant was proved. We see no error in the trial. Judgment affirmed, with costs against defendant personally. All concur.